UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



FILED
JUN 1 3 2012
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| DENNIS LATOUR, | ) 4:12CR00231CDP |
| Defendant. | ) ) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. From on or about January 13, 2011 through on or about February 16, 2011, **DENNIS LATOUR** did knowingly devise a scheme and artifice to defraud Fifth-Third Bank, a financial institution as defined in 18 U.S.C. § 20, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of said financial institution by means of false and fraudulent pretenses and representations.

2. It was part of the scheme and artifice to defraud that on or about February 14, 2008, **DENNIS LATOUR** reactivated a dormant home equity line of credit account at GMAC Mortgage belonging to a relative referred to herein as J.G. using J.G.'s pedigree information, including his name and Social Security Number.

3. As part of the scheme and artifice to defraud, **DENNIS LATOUR** obtained checks associated with J.G.'s home equity line of credit, forged those checks making them payable to himself in various amounts, and then fraudulently signed the checks in the name of J.G..

4. It was further part of the scheme and artifice to defraud that **DENNIS LATOUR** presented the checks for deposit into an account he controlled at different Fifth-Third Bank branches throughout the District. The forged checks were deposited into **LATOUR's** account, thereby obtaining money from J.G.'s GMAC line of credit account without J.G.'s knowledge or consent.

5. On or about February 16, 2011, in the Eastern District of Missouri,

**DENNIS LATOUR,**

the Defendant herein, executed the scheme and artifice as set forth above, in that Defendant went to Fifth-Third Bank branch located at 2981 Dougherty Ferry, St. Louis, Missouri where he deposited a forged check drawn on J.G.'s GMAC home equity line of credit account, bearing check number 106, in the amount of $38,500.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The Grand Jury further charges that:

6. On or about May 11, 2010, in the Eastern District of Missouri,

**DENNIS LATOUR,**

the Defendant herein, did knowingly provide in an application for a credit card to Chase Bank, without lawful authority, a means of identification of another person referred to herein as P.R., to wit, P.R.'s name, date of birth, and Social Security Number, with the intent to commit Illegal Transactions with an Access Device, an unlawful activity that constitutes a felony under 18 U.S.C. § 1029(a)(5), such use in or affecting interstate commerce.

In violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT THREE

The Grand Jury further charges that:

7. From on or about July 20, 2009 continuing through on or about March 27, 2011, **DENNIS LATOUR** did knowingly devise a scheme and artifice to defraud Arsenal Credit Union, a financial institution as defined in 18 U.S.C. § 20, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of said financial institution by means of false and fraudulent pretenses and representations.

8. On or about July 20, 2009, **DENNIS LATOUR** had another person, referred to herein as J.S., obtain an auto loan for him from Arsenal Credit Union for the purchase of a 2006 Hummer (the "vehicle"). After the purchase, **DENNIS LATOUR** took possession of the vehicle.

9. On or about January 3, 2011, **DENNIS LATOUR** resold the vehicle to a person, referred to herein as V.L.G., through his auto dealership "Motorworks LLC." Arsenal Credit Union was not notified that the vehicle was sold. In fact, during the preceding time period, the loan had lapsed and Arsenal Credit Union was attempting to locate and repossess the vehicle.

10. In order to sell the vehicle, **DENNIS LATOUR** represented to V.L.G. that he had clear title to the vehicle and provided to V.L.G. a fraudulent title transfer incident to the sale.

11. Further, in order to defraud Arsenal Credit Union and avoid it being made aware of the sale, **DENNIS LATOUR** prepared and filed with the State of Missouri a false and forged lien release purportedly issued by Arsenal Credit Union and falsely representing "Laura Davis" as an agent of Arsenal Credit Union authorizing the release.

12. On or about March 27, 2011, in the Eastern District of Missouri and elsewhere,

**DENNIS LATOUR,**

the Defendant herein, executed the scheme and artifice as set forth above in that the Defendant prepared and filed a false and forged lien release for the vehicle purportedly issued by Arsenal Credit Union and falsely representing "Laura Davis" as an agent of Arsenal Credit Union authorizing the release.

In violation of Title 18, United States Code, Section 1344.

### COUNT FOUR

The Grand Jury further charges that:

13. From on or about February 27, 2008 and continuing through on or about March 14, 2008, **DENNIS LATOUR** devised and intended to devise a scheme and artifice to defraud J.G. and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

14. The allegations contained in paragraph 2 above are realleged and incorporated herein by reference.

15. It was part of the scheme and artifice to defraud that upon obtaining access to J.G.'s account at GMAC, **DENNIS LATOUR** sent and caused to be sent without the knowledge or consent of J.G. three separate wire transfers totaling $125,000 from J.G.'s GMAC line of credit to a bank account controlled by J.G..

16. For each wire, once the money was transferred from the GMAC account to J.G.'s bank account, **DENNIS LATOUR** then immediately transferred the same amount from J.G.'s account without the knowledge or consent of J.G. to a bank account controlled by **LATOUR**.

4

17. The fraudulent transfers created an outstanding balance on J.G.'s GMAC line of credit. As a result, GMAC instituted foreclosure proceedings against J.G.'s home. J.G. received a letter from GMAC notifying him of his unpaid balance. J.G. showed the letter to **DENNIS LATOUR** and **LATOUR** indicated that he would have his attorney, "Sebastian Riccie," resolve the situation. J.G. did not receive any additional correspondence directly from GMAC.

18. It was further part of the scheme and artifice to defraud that **DENNIS LATOUR** accessed the GMAC line of a credit and changed the address for J.G. on file with GMAC from J.G.'s home address to addresses associated with **LATOUR**.

19. It was further part of the scheme and artifice to defraud that sometime in February 2011, with the exact date unknown, **DENNIS LATOUR** provided J.G. two letters addressed and delivered to "Motorwerks" - a company controlled by **LATOUR** - on J.G.'s behalf. One letter was purportedly from GMAC indicating the foreclosure action against J.G. was stopped. The second letter was from "Sebastian Riccie" stating that he had resolved the foreclosure proceeding. Both letters were made by **LATOUR** and were false.

20. On or about March 14, 2008, in the Eastern District of Missouri and elsewhere,

### DENNIS LATOUR,

the Defendant herein, executed the scheme and artifice as set forth above did transmit or cause to be transmitted by means of wire, television and radio communications in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing the same, to wit: the Defendant wired and caused to be wired $45,000 from J.G.'s GMAC line of credit to a personal bank account of J.G. and, immediately thereafter, electronically transferred $45,000 from J.G.'s

account to an account controlled by the Defendant, all without the knowledge or consent of J.G..

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Stephen Casey #58879MO
Assistant United States Attorney